## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRADFORD GORDON, Individually and on
Behalf of All Other Persons Similarly Situated,

         Plaintiff,

         v.

KRYPTONITE ENERGY SERVICES, LLC
and JODY KENNON

         Defendants.

Civil Action No.:

**JURY TRIAL DEMANDED**

## PLAINTIFF'S COLLECTIVE CLASS ACTION COMPLAINT

Plaintiff Bradford Gordon ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, files this Collective and Class Action Complaint (the "Complaint") against Defendants Kryptonite Energy Services, LLC and Jody Kennon (collectively, the "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201 *et seq.*, the Ohio Minimum Fair Wage Standards Act, R.C. 4111.03 ("OMFWSA"), *et seq.*, Article II, Section 34a *et. seq* of the Ohio Constitution, and R.C. 4111.14 (collectively referred to as "Section 34a."), and the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. 333.101, et seq. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made upon information and belief as to the acts of others.

## INTRODUCTION

1.      This lawsuit seeks to recover unpaid wages and overtime compensation for Plaintiff and other similarly situated co-workers who work or have worked for Defendants Kryptonite Energy Services, LLC and Mr. Kennon.

2.       Plaintiff alleges, on behalf of himself and other current and former employees as well as those similarly situated current and former employees holding comparable positions but different titles, including Crew Leads and Roustabouts (collectively "Hourly Field Employees") employed by Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, (i) unpaid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

3.       Plaintiff also brings this action on behalf of himself and all similarly situated current and former Hourly Field Employees who worked in Ohio pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA, the Ohio Prompt Pay Act, and Section 34a.

4.       Plaintiff also brings this action on behalf of himself and all similarly situated current and former Hourly Field Employees who worked in Pennsylvania pursuant to Fed. R. Civ. P. 23 to remedy violations of PMWA.

## JURISDICTION AND VENUE

5.       This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and this Court's Federal Question Jurisdiction, 28 U.S.C. § 1331.

6.       This Court has jurisdiction over Plaintiff's OMFWSA and Section 34a claims pursuant to 28 U.S.C. § 1332(d).

7.       Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8.       Upon information and belief, Defendants are headquartered in, and regularly conduct business in, this district.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

10.      Plaintiff Bradford Gordon is a former employee of Kryptonite Energy Services, LLC.

11.      At all relevant times, Plaintiff Bradford Gordon was a citizen of the Commonwealth of Pennsylvania.

12.      During all relevant times, Plaintiff was employed by Defendants, including from approximately early January 2018 until in and around August 2018.

13.      Defendant Kryptonite Energy Services is a Limited Liability Company with its principal place of business at 1174 Findlay Street, Washington, Pennsylvania 15301.

14.      Defendant Jody Kennon is the Founder/CEO of Defendant Kryptonite Energy Services.

15.      Upon information and belief, Defendant Jody Kennon is an owner and the principal person who exerts control over Defendant Kryptonite Energy Services.

16.      At all times relevant herein, Defendants have been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

17.      Defendants Kryptonite Energy Services and Jody Kennon employed Plaintiff and the Collective Action Members as Crew Leads and Roustabouts/Laborers.

18.      Defendants operated in Pennsylvania, Ohio and West Virginia.

19.      Defendants maintain control, oversight, and discretion over the operations of worksites, including employment practices with respect to Plaintiff and the Collective Action

Members. During the time Plaintiff worked for Defendants, Defendant Kennon interviewed applicants for jobs with the Defendants. Defendant Kennon regularly attended mandatory meetings and led the meetings. During these meetings, Defendant Kennon would instruct Plaintiff and Collective Action Members as to the performance required to maintain their jobs. Defendant Kennon created and communicated the procedures for Plaintiff and the Collective Action Members' collection of wages. Defendant Kennon had the power to hire and fire people for his company, supervised the employees and their schedules, and determined the rate and method of payment for the Plaintiff and Collective Action Members.

20.     Plaintiff and the Collective Action Members' work as Hourly Field Employees was integrated into and performed in the ordinary course of Defendants' business.

21.     Crew leads were paid $15 per hour, and Roustabouts were paid $13 per hour.

22.     Consistent with Defendants' policy, pattern, and/or practice, Plaintiff and the Hourly Field Employees regularly worked in excess of 40 hours per workweek without being paid wages for all hours worked and without being paid overtime wages, in violation of the FLSA, Ohio law, and Pennsylvania law.

23.     Specifically, Plaintiff would work approximately 200 to 210 hours per bi-weekly pay period. On average, Plaintiff's hours would be cut anywhere from 40 to 60 hours per pay period, and Plaintiff was not paid for these hours even though he performed work for Defendants.

24.     During the entire time that Defendants employed Plaintiff, they did not properly pay Plaintiff.

25.     Defendants cannot dispute that they owe Plaintiff and Collective Action Members overtime compensation for all hours worked over 40.

26.     Plaintiff complained about his pay issues to many of his superiors, but they did not remedy their failure to pay him for all hours worked.

27.     Some or all of the overtime compensation due to Plaintiff and the Collective Action Members remained unpaid for thirty days beyond the regularly scheduled payday.

28.     Plaintiffs and all members of the Class and Collective Action performed the same primary job duties such as: operating vacuum equipment, driving and loading pickup trucks that weighed 10,000 lbs. or less and were not registered with the Department of Transportation, on-site maintenance, provide roustabout services, basic generator maintenance, and basic vacuum maintenance.

29.     Defendants are aware of the totality of work that Plaintiff and the Collective Action Members performed.

30.     This work did not require managerial responsibilities or the exercise of meaningful decision-making on matters of significance that impacted the business and no interaction with the management of the home office.

31.     Throughout the Class and Collective Action periods, the primary job duties of Plaintiff and the Class and Collective Action Members did not include: hiring, firing, disciplining, or directing the work of other employees, nor exercising meaningful independent judgment and discretion.

32.     Defendants' failure to comply with the FLSA and Ohio and Pennsylvania state laws has caused Plaintiff and the Collective Members to suffer lost wages and interest therein.

33.     Defendants are liable under the FLSA and both the Ohio and Pennsylvania wage-and-hour statutes for, inter alia, failing to pay overtime wages to Plaintiff and similar employees properly.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Members as defined above.

35.     Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

36.     Plaintiff and the Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' above-described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated wages for all hour worked in a workweek or the legally mandated overtime premium for hours worked over 40 during a workweek.

37.     Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

38.     Specifically, Defendants failed to pay Plaintiff and the Collective Action Members the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the FLSA and the regulations promulgated thereunder, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. § 778.104, because they failed to pay Plaintiff and the Collective Action Members at a rate of 1.5 times their regular hourly rate for hours worked in excess of 40 hours per week.

39.     These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendants' payroll records which Defendants were required to maintain pursuant to the FLSA, Ohio law, and Pennsylvania law, see 29 U.S.C. § 211(c); 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a; 43 P.S. 333.101, et seq.

40.     Conditional certification of this case as a collective matter pursuant to U.S.C. § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

41.     There are many similarly situated current and former Hourly Field Employees who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

## OHIO CLASS ACTION ALLEGATIONS

42.     Plaintiff, on behalf of himself and all the Ohio Class Action Members, realleges and incorporates by reference the preceding paragraphs.

43.     Plaintiff and all members of the Ohio Class assert factually related claims, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

44.     Defendants violated the Ohio wage and hour laws because they failed to pay Plaintiff and the Ohio Class at a rate of 1.5 times their regular hourly rate for hours worked in excess of 40 hours per week, pursuant to Ohio Rev. Code Ann. § 4111.03. 54. Defendants also violated the Ohio wage and hour laws because they failed to maintain records of hours worked for Plaintiff and the Ohio Class as required by Section 34a.

45.     Although the precise number of the Ohio Class is unknown, Members are readily identifiable and can be located through Defendants' records.

46.     Questions of law and facts common to Plaintiff and the Ohio Class that will materially advance the litigation include, without limitation:

    a.  Whether Defendants employed Plaintiff and the Ohio Class members within the meaning of the Ohio wage and hour laws;

    b.  What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

    c.  Whether Defendants failed to pay Plaintiff and the Ohio Class Members for all the hours they worked;

    d.  Whether Defendants failed to maintain records of the hours worked by Plaintiff and the Ohio Class Members;

    e.  Whether Defendants failed to pay Plaintiff and other class members all overtime pay due to them timely;

    f.  Whether Defendants failed to pay Plaintiff and the Ohio Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the Ohio wage and hour laws;

    g.  Whether Defendants are liable for all damages claimed by Plaintiff and the Ohio Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursement, and attorneys' fees; and,

    h.  Whether Defendants should be enjoined from continuing to violate the Ohio wage and hour laws in the future.

47.    Plaintiff's claims are typical of the claims of the Members of the Ohio Class.

48.    Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

49.     Class certification of Plaintiff's Ohio wage and hour law claim is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The Members of the Ohio Class are entitled to injunctive relief to end Defendants' common and uniform policy and practice of denying the Ohio Class the wages to which they are entitled.

50.     Class certification of Plaintiff's Ohio wage and hour law claim is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and facts common to the Class predominate over questions affecting only individual Members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

51.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

52.     Plaintiff, on behalf of himself and all the Class and Collective Action Members, realleges and incorporates by reference the preceding paragraphs.

53.     Plaintiff and all Members of the Pennsylvania Class assert factually related claims, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

54.     Defendants violated the Pennsylvania wage and hour laws because they failed to pay Plaintiff and the Pennsylvania Class at a rate of 1.5 times their regular hourly rate for hours worked in excess of 40 hours per week, pursuant to 43 P.S. 333.101, et seq.

55.     Although the precise number of the Pennsylvania Class is unknown, Members are readily identifiable and can be located through Defendants' records.

56.     Questions of law and facts common to Plaintiff and the Pennsylvania Class that will materially advance the litigation include, without limitation:

a.  Whether Defendants employed Plaintiff and the Pennsylvania Class Members within the meaning of the Pennsylvania wage and hour laws;

b.  What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

c.  Whether Defendants failed to pay Plaintiff and the Pennsylvania Class Members for all the hours they worked;

d.  Whether Defendants failed to maintain records of the hours worked by Plaintiff and the Pennsylvania Class Members;

e.  Whether Defendants failed to pay Plaintiff and the Pennsylvania Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the Pennsylvania wage and hour laws;

f.  Whether Defendants are liable for all damages claimed by Plaintiff and the Pennsylvania Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursement, and attorneys' fees; and,

g.  Whether Defendants should be enjoined from continuing to violate the Pennsylvania wage and hour laws in the future.

57.     Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

58. Class certification of Plaintiff's Pennsylvania wage and hour law claim is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class a whole. The Members of the Pennsylvania Class are entitled to injunctive relief to end Defendants' common and uniform policy and practice of denying the Pennsylvania Class the wages to which they are entitled.

59. Class certification of Plaintiff's Pennsylvania wage and hour law claim is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and facts common to the Class predominate over questions affecting only individual Members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

60. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT**

61. Plaintiff, on behalf of himself and all the Collective Action Members, realleges and incorporates by reference the preceding paragraphs.

62. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

63. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

64. At all relevant times, Defendants had a policy and practice of willfully refusing to pay its Crew Leads and Roustabouts and all Collective Action Members for all wages earned and

the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

65.    As a result of Defendants' willful failure to compensate Plaintiff and the Collective Action Members for all wages earned and for wages earned at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

66.    Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67.    Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants wages for all hours worked, their unpaid wages for the legally required amount of overtime compensation for all of the hours worked by them in excess of 40 in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION:
### (OHIO MINIMUM FAIR WAGE STANDARDS ACT:  UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and All Members of the OMFWSA Class)

68.    Plaintiff, on behalf of himself and all the Collective Action Members, realleges and incorporates by reference the preceding paragraphs.

69.    At all relevant times, Plaintiff and OMFWSA Class Members were employed by Defendants within the meaning of the OMFWSA, and Defendants were an employer within the meaning of OMFWSA.

70.     The overtime wage provisions of the OMFWSA and its supporting regulations apply to Defendants.

71.     Defendants willfully violated Plaintiff's rights and the rights of the Ohio Class by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times their regular rate of pay for all hours worked by them in excess of 40 in a workweek in violation of the OMFWSA and its regulations.

72.     As a result of Defendants' willful violations of the OMFWSA, Plaintiff and the OMFWSA Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes of this action, pursuant to the OMFWSA.

73.     Defendants' OMFWSA violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

**THIRD CAUSE OF ACTION**
**(OHIO PROMPT PAYMENT: FAILURE TO PROMPTLY PAY OVERTIME)**
**(Brought on Behalf of Plaintiff and All Members of the Prompt Payment Act Class)**

74.     Plaintiff, on behalf of himself and all the Prompt Payment Act Class Members, realleges and incorporates by reference the preceding paragraphs.

75.     Plaintiff brings this claim for violation of Ohio Revised Code 4113.15, on behalf of himself and all members of the Ohio Prompt Pay Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

76.     At all times relevant, Defendants were Plaintiff's and the Ohio Prompt Pay Class' employer for purposes of overtime compensation owed.

77.     Defendants violated Ohio Revised Code 4113.15, by failing to pay overtime compensation to its Hourly Field Employees, including Plaintiff and the Ohio Prompt Pay Class within thirty days of their regularly scheduled payday.

78.     Ohio Rev. Code Ann. § 4113.15 provides that Defendants, having violated § 4113.15, are "liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

**FOURTH CAUSE OF ACTION:**
**(OHIO MINIMUM WAGE FAIR STANDARDS ACT:  FAILURE TO MAINTAIN RECORDS)**
**(Brought on Behalf of Plaintiff and All Members of the Ohio Class)**

79.     Plaintiff, on behalf of himself and all the Collective Action Members, realleges and incorporates by reference the preceding paragraphs.

80.     Defendants failed to maintain records of the Section 34a Class members' hours worked for each day worked.

81.     Defendants' Section 34a violations have caused irreparable harm for which there is no adequate remedy at law.

82.     Defendants' failure to maintain such records violate Section 34a and entitled Plaintiff and members of the Section 34a Class to the remedies provided by that Section, as well as R.C. 4111.14.

**FIFTH CAUSE OF ACTION**
**(PENNSYLVANIA MINIMUM WAGE ACT:  UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiff and All Members of the PMWA Class)**

83.     Plaintiff, on behalf of himself and all PMWA Class Members, realleges and incorporates by reference the preceding paragraphs.

84.     At all relevant times, Plaintiff and PMWA Class Members were employed by Defendant within the meaning of the PMWA, and Defendants were employers within the meaning of PMWA.

85.     The overtime wage provisions of the PMWA and its supporting regulations apply to Defendants.

86.     Defendants willfully violated Plaintiff's rights and the rights of the PMWA Class by failing to pay them for all hours worked and for the legally required amount of overtime compensation at rates not less than one and one-half times their regular rate of pay for all hours worked by them in excess of 40 in a workweek in violation of the PMWA and its regulations.

87.     As a result of Defendants' willful violations of the PMWA, Plaintiff and the PMWA Class Members are entitled to recover from Defendants unpaid wages for all hours worked, their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the PMWA.

88.     Defendants' PMWA violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a.     Designation of this action as a FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. §

216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.  Certification of the Ohio State Law Classes as class actions pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the Ohio State Law Classes;

c.  Certification of the Pennsylvania State Law Class as class actions pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the Pennsylvania State Law Classes;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, PMWA, OMFWSA, and Section 34a;

e.  An injunction requiring Defendants to cease their unlawful practices under, and comply with the FLSA, PMWA, OMFWSA, and Section 34a;

f.  An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA, PMWA, and the OMFWSA, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216, the PMWA, and the OMFWSA;

h.      An award of damages representing the employer's share of FICA, FUTA, state

unemployment insurance, and any other required employment taxes;

i.      An award for each record-keeping violation;

j.      An award of pre-judgment and post-judgment interest;

k.      An award of costs and expenses of this action together with reasonable attorneys'

and expert fees and an award of a service payment to the Plaintiff; and,

l.      Such other and further relief as this Court deems just and proper.


Dated: May 20, 2019                          Respectfully submitted,


                                             */s/ D. Aaron Rihn*
                                             D. Aaron Rihn, Esquire
                                             Robert Peirce & Associates, P.C.
                                             707 Grant Street
                                             Suite 2500
                                             Pittsburgh, PA 15219-1918
                                             Telephone: 412-281-7229
                                             Email: arihn@peircelaw.com

                                             Nicholas A. Migliaccio, Esquire
                                             Jason S. Rathod, Esquire
                                             Migliaccio & Rathod LLP
                                             412 H Street N.E., Suite 302
                                             Washington, DC 20002
                                             Tel: (202) 470-3520

                                             *Counsel for Plaintiff*